# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BARBARA DENNISTON,<br><br>                Plaintiff,<br><br>vs.<br><br>CONAGRA FOODS, INC.,<br><br>                Defendant. | 8:15CV463<br><br>PROTECTIVE ORDER |

This matter is before the court on the parties' Joint Motion for Entry of Protective Order (Filing No. 19). The motion is granted as set forth below.

**IT IS ORDERED:**

1. All confidential documents and confidential information, as defined herein, shall be used by the parties only for purposes of preparing for and conducting the litigation styled ***Barbara Denniston v. ConAgra Foods, Inc.,*** 8:15cv463 (hereinafter the Action).

2. "Confidential documents" or "confidential information," as used herein, means documents or information so designated by any party, limited to: information regarding or submitted by past and present employees of ConAgra, such as information from medical or personnel files; documents containing ConAgra's confidential and/or proprietary business information; and documents detailing the personal medical and/or financial information of the Plaintiff.

3. Any party to this action, whether acting on its own or through counsel (hereinafter person) may designate material as "confidential" by affixing the legend "Confidential" to every page of the document. The information contained or disclosed in material that has been designated as "Confidential" in accordance with this Order shall be referred to as "Protected Information." Any documents, including exhibits, which are generated, derived, or created from Protected Information shall also be treated as such in accordance with the provisions of this Order, and such documents shall be marked in accordance with this paragraph.

4.  If any party to this Action disputes the designation of any information, document or testimony as "Confidential," that party shall attempt to resolve by agreement the question of whether or on what terms the document is entitled to confidential treatment.  If the parties' counsel are unable to agree as to whether the information is properly designated, counsel for either party may file an appropriate motion with the court.  The burden rests upon the person asserting protected status to demonstrate that the designation is proper.  Until a resolution of the dispute is achieved either through consent or order of the court, all persons shall treat the designated information in accordance with its designation.

5.  "Confidential" information, documents, or testimony may only be disclosed or made available on a need-to-know basis by the party receiving such information to "qualified persons" who are defined to consist of:

    a.    The United States District Court for the District of Nebraska, including court personnel who are authorized to review the confidential information, documents, or testimony, subject to the limitations expressed in paragraphs 6 and 7 *infra*;

    b.    The parties named in this action, including the corporate representative(s) of ConAgra;

    c.    Plaintiff's spouse, provided that Plaintiff's spouse shall keep the information confidential;

    d.    Counsel to all parties in this litigation and the clerical, secretarial, and paralegal staff employed by such counsel;

    e.    Court reporters;

    f.    Retained and/or potential experts or consultants (including their employees and/or support staff) selected by a party to this Action to assist in the prosecution or defense of the litigation;

    f.    Individuals selected by a party to this Action for the purposes of conducting focus groups or mock trials, provided that such individuals shall keep the information confidential; and

    g.    Any person agreed to in writing by the parties.

6.  Counsel shall not unnecessarily disclose information contained in

confidential documents on the public record of this proceeding or in written arguments or memoranda submitted to the Court. Counsel expressly agree that nothing in this Order shall serve to waive the right of any party to object at trial to the admissibility of any document or portion thereof, nor the right to file a motion *in limine* regarding the use at trial of any document or portion thereof.

7. Counsel shall have the right to file or deposit with the Court any confidential documents at any time for any reason. In the event that confidential documents falling into the categories listed above, including any portion or summary thereof of deposition transcripts designated as confidential, are filed with the Court, they shall be filed electronically as a restricted document in accordance with NECivR 5.3, or in an envelope bearing the following designation when deposited:

<u>CONFIDENTIAL</u>

IN ACCORDANCE WITH THE AGREEMENT BETWEEN THE PARTIES THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN ATTORNEYS IN THIS CASE, TO PERSONS ASSISTING THOSE ATTORNEYS, THE COURT ITSELF, AND PERSONNEL WORKING FOR THE COURT.

8. Each "qualified person" to whom confidential information, documents, or testimony is disclosed, pursuant to this Stipulation, shall be advised that the confidential information, documents, or testimony is being disclosed pursuant to and subject to the terms of this Stipulation. Said "qualified persons" shall use the confidential information, documents, or testimony only for purposes of this litigation and shall not give or otherwise divulge any of the documents, information or materials designated as "Confidential" or the substance thereof, or any copies, prints, negatives, or summaries thereof to any entity or person who is not a "qualified person," as defined in this Stipulation.

9. Nothing in this Order shall be construed to limit in any way the right of the producing person to use its Protected Information for any purpose.

10. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with the

provisions of this Order, the producing party may give written notice to the receiving party that the information produced is deemed Protected Information and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such information as Protected Information from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Protected Information to persons not authorized to receive such Protected Information shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall notify the other party in writing of all such unauthorized persons to whom such disclosure was made. The parties shall attempt in good faith to retrieve and protect such inadvertently produced Protected Information.

11. Failure to designate confidential information prior to disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or to any other information relating thereto.

12. This Order shall not be construed to prevent any party or its representatives from using information which was lawfully in its possession prior to the production of such documents or information in the instant litigation or which was obtained from a source other than those subject to this Order.

13. Nothing in this Order shall operate to require the production of information or documents that are subject to a good faith assertion of attorney-client privilege and/or work product doctrine.

14. Compliance with the terms of this Order by a party or non-party shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence.

15. At the conclusion of this litigation, by judgment or otherwise, all Protected Information shall be returned to the producing party within ninety (90) days from demand or destroyed by shredding. Destruction by shredding shall be certified in writing to the producing person. Notwithstanding the foregoing, the attorneys of record for each party may retain all pleadings, briefs, memoranda, motions, and other documents containing their work product that refer to or incorporate Protected Information and will continue to be bound by the terms of this Order with respect to all

such retained Protected Information. Upon termination of this Action, the court shall retain jurisdiction to enforce this Order.

16. Documents and things designated as containing Protected Information, and any copies or extracts thereof, shall be retained in the custody of the attorneys of record during the pendency of this Action, except as reasonably necessary to provide access to persons authorized under the provisions of this Order.

17. This Order shall be binding on the parties hereto when signed. This Order shall be binding upon any other person seeking its protection when that person signs a written agreement to be bound by its terms.

Dated this 2nd day of May, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge